UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Nora Masoud,

Plaintiff,

v.

J.P. Morgan Chase Bank, N.A., et al.,

Defendant.

Civil No.: 15-CV-2523-L-JMA

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**

Pending before the Court in this mortgage foreclosure action is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendants J.P. Morgan Chase, N.A., ("Chase"), U.S. Bank, N.A. ("U.S. Bank"), ALAW, and Quality Loan Service Corporation ("Quality Loan," collectively "Defendants"). Plaintiff Nora Masoud filed an opposition and Defendants replied. For the reasons that follow, the motion is granted with leave to amend as to Plaintiff's federal causes of action. The motion is granted without prejudice on jurisdictional grounds as to Plaintiff's state law causes of action.

## I. BACKGROUND

On October 17, 2000, Plaintiff purchased a home at 4541 Cather Avenue in the University City neighborhood of San Diego (the "Property") for $330,000. [ECF #15 ("Compl.") at 3]. On July 11, 2005, she refinanced the property through Washington Mutual Bank ("Washington Mutual") with a note and a recorded deed of trust in the amount of $372,000. [*Id.*]. The deed of trust identified Plaintiff as the borrower, Washington Mutual as the lender, and California Reconveyance Company as the trustee. [*Id.*]

On September 25, 2008, Washington Mutual relinquished its assets to Chase under the terms of a purchase and assumption agreement. The Federal Deposit Insurance Corporation acted as the receiver. On October 10, 2008, Plaintiff received a letter from Chase, notifying her of the purchase and assumption agreement and informing her that Chase was now servicing her account.

On September 7, 2011, two instruments were recorded: (1) an assignment of the deed of trust that assigned all beneficial interest in Plaintiff's loan to Chase; and (2) a notice of default and election to sell indicating that Plaintiff's loan was $30,666.68 in arrears. On October 22, 2014, a substitution of trustee was recorded that named ALAW as the new trustee under the deed of trust. On July 15, 2015, a second substitution of trustee was recorded that named Quality Loan Service as the new trustee under the deed of trust. On July 21, 2015, a notice of trustee's sale was recorded. It stated that the total amount of Plaintiff's unpaid obligation to her lender was $456,723.51.

On October 21, 2015, Plaintiff filed a complaint in State court alleging violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq*. ("RESPA"), violation of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq*. ("TILA"), and violation of the Home Ownership and Equity Protection Act, 15 U.S.C. §§ 1602 *et seq*. ("HOEPA"). She also alleged claims for accounting, declaratory relief, slander of title, quiet title, intentional misrepresentation, negligent misrepresentation, rescission, and

violation of Unfair Business Practices Act, Cal. Bus. & Profs. Code §§ 17200 *et seq.* under California Law. Plaintiff seeks damages, rescission, quieting the title to the Property, avoidance of nonjudicial foreclosure, and other injunctive and declaratory relief, among other things. Defendants removed the action to this Court based on federal question jurisdiction under 28 U.S.C. § 1331, as the complaint includes federal claims.

## II. DISCUSSION

Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that none of the causes of action in the complaint is sufficient to state a claim, and should be dismissed as a matter of law. A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory, yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006). However, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Among other things, Defendants challenge Plaintiff's RESPA, TILA and HOEPA claims based on the statute of limitations bar. When a motion to dismiss is based on the statute of limitations, it may be granted if, "[a]ccepting as true the allegations in the complaint, as [the Court] must when reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), . . . the running of the statute is apparent on

the face of the complaint." *Huynh*, 465 F.3d at 997 (internal quotation marks and citations omitted).

**A. RESPA Violations**

1. Section 2607—Prohibition Against Kickbacks and Unearned Fees

In her sixth cause of action, Plaintiff alleges that "Defendants violated RESPA because the payments between Defendants were misleading and designed to create a windfall. These actions are deceptive, fraudulent, and self-serving." (Compl. at 15.) Construing these allegations in the light most favorable to Plaintiff, Plaintiff appears to allege a § 2607 violation. The facts giving rise to this claim occurred in 2005, when Plaintiff refinanced the Property.

Any action alleging a § 2607 violation, must be brought within one year from the date of the occurrence of the violation. 12 U.S.C. § 2614. It therefore appears from the face of the complaint that the sixth cause of action is barred by the statute of limitations. Accordingly, Defendants' motion to dismiss is granted in this regard. *See Huynh*, 465 F.3d at 997.

The Court must next consider whether to grant leave to amend. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Rule 15 advises leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal without leave to amend is not appropriate unless it is clear the complaint cannot be saved by amendment. *Id*. Plaintiff suggests generally that she did not discover Defendants' alleged violations until 2015, and argues for a delayed accrual of the statute of limitations. (Compl. at 9-10; Opp'n at 20.) Because it may be possible for Plaintiff to amend the complaint to allege she did not discover the facts underlying the alleged § 2607 violation until 2015, and bring this claim within the statute, leave to amend is granted. The Court expresses no opinion at this time on the merits of Plaintiff's vague allegations regarding delayed discovery.

2. Section 2605—Qualified Written Requests

Plaintiff also alleges Defendants failed to comply with RESPA when they did not respond to her "qualified written request" ("QWR") and follow up correspondence in 2010. (Compl. at 7; Opp'n at 18-19.) In her opposition, Plaintiff acknowledges she received responses to that correspondence, but claims that the responses were inadequate. (*Id*. at 19.) She also references correspondence from 2014, and suggests that 2014 correspondence supports a RESPA violation. (*Id*.)

RESPA requires servicers who receive QWRs from borrowers for information relating to a loan to respond within a specific timeframe. 12 U.S.C. § 2605 (e)(1)(A). Any action alleging a § 2605 violation must be brought within three years of the occurrence of the violation. 12 U.S.C. § 2614. To the extent any § 2605 violation is alleged in the complaint,[1] it relies on a QWR from 2010. On the face of the complaint, any such claim is barred by the statute of limitations. Accordingly, Defendants' motion to dismiss is granted to the extent Plaintiff alleges a claim for a § 2605 violation.

---

[1] Although Plaitiff alleges in the factual background section of her complaint that she sent a QWR (Compl. at 7), she does not attempt to state a claim for a § 2605 violation in any of the enumerated causes of action. The sixth cause of action brought under RESPA appears only to allege a § 2607 violation (*id*. at 14-15).

For the first time in her opposition, relying on correspondence which was not referenced in the complaint,[2] Plaintiff suggests that she may have sent a QWR as late as 2014. Because it may be possible for Plaintiff to amend the complaint to allege a § 2605 violation within the statute of limitations, leave to amend is granted. The Court expresses no opinion at this time whether Plaintiff's 2014 correspondence constitutes a valid QWR under § 2605.

**B. TILA and HOEPA Violations**

In her fifth cause of action Plaintiff alleges that Defendants violated TILA and HOEPA when they failed to make "accurate material disclosures . . . to fully inform home buyers of the pros and cons of adjustable rate mortgages in a language . . . that they can understand and comprehend; and advise them to compare similar loan products with other lenders." (Compl. at 13–14.) These disclosures relate to the origination of Plaintiff's refinance loan in 2005.

Claims under TILA have a three-year statute of limitations for rescission actions, and a one-year statute of limitations for damages actions. *See* 15 U.S.C. §§1635(f), 1640(e); *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986). Claims under HOEPA involving mortgages may be brought "before the end of the 3-year period beginning on the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Defendants therefore maintain that the TILA and HOEPA claims are barred by the statute of limitations.

Plaintiff argues she effected a valid rescission under TILA when she sent Defendants notices of rescission in 2010 and 2015. (Opp'n at 17; *see also* Compl. at 10.)

---

[2] Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. Fed. R. Civ. P. 12(d); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). However, material properly subject to judicial notice may be considered without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Correspondence is generally not subject to judicial notice. *See* Fed. R. Evid. 201(b)(2).

This does not save Plainitff's claim. "Even if a lender *never* makes the required disclosures, the 'right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first.'" *Jesinoski v. Countrywide Home Loans, Inc.*, __ U.S. __; 135 S.Ct. 790, 792 (2015) (quoting 15 U.S.C. § 1635(f)) (emphasis in original).

To bring her claim within the statute, Plaintiff argues that the three-year period has not started to run because the loan has not been consummated. (Opp'n at 17.) For purposes of rescission under TILA, consummation “means the time that a consumer becomes contractually obligated on a credit transaction.” *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989) (quoting Regulation Z, 12 C.F.R § 226.2(a)(13)). When a consumer becomes contractually obligated is determined by state contract law. *Id*. Under California law, one of the requirements is that the parties to the contract are identifiable. *Id*. at 121.

Plaintiff argues the transaction was not consummated because the loan documents were not “duly executed” and she “was never informed . . . who the lender was.” (Opp’n at 17.) This argument is contradicted by the allegations in the complaint, wherein Plaintiff alleges she signed the promissory note and the deed of trust, and that the loan documents identified Washington Mutual as the lender. (Compl. at 3-4.) Plaintiff does not allege or argue that any signatures were missing from the promissory note or deed of trust. Based on Plaintiff’s allegations, the loan was consummated in 2005, when she refinanced the Property. Her 2010 and 2015 notices of rescission were therefore untimely.

In anticipation of the statute of limitations defense, Plaintiff alleged the statute was tolled "due to Defendants' failure to effectively provide the required disclosures and notices." (Compl. at 14.) Equitable tolling applies to TILA rescission claims in certain circumstances. *King*, 784 F.2d at 914. Tolling is unavailable unless the plaintiff can show reasonable efforts were undertaken to discover the claim before the expiration of the statute of limitations, and that extraordinary circumstances stood in the plaintiff’s way

of timely discoverying. *See McQuinn v. Bank of America, N.A.*, No. 14-56038, 2016 WL 3947831, *at 1–2 (9th Cir. 2016) (extraordinary circumstances required); *see also, e.g.*, *Rodriguez v. J.P. Morgan Chase & Co.*, 809 F. Supp. 2d 1291, 1298 (S.D. Cal. 2011). Plaintiff does not allege or argue when or how she discovered that Defendants allegedly failed to provide her with disclosures regarding the "the pros and cons of adjustable rate mortgages . . . and advi[ce that she should] compare similar loan products with other lenders."[3] (*See* Compl. at 13–14.)

For the foregoing reasons, the running of the statute of limitations for the TILA and HOEPA claims is apparent on the face of the complaint. Defendants' motion is granted with respect to the fifth cause of action. Because it may be possible for Plaintiff to allege facts supporting equitable tolling, she is granted leave to amend.

**C. State Law Claims**

All federal claims in this action have been dismissed. The Court therefore declines to exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(3). State law claims are dismissed without prejudice for lack of subject matter jurisdiction. Should Plaintiff choose to file an amended complaint, she may reallege them.

For the foregoing reasons, **IT IS ORDERED** as follows:

1. Defendants' motion to dismiss is granted.

2. Plaintiff's fifth and sixth causes of action are dismissed with leave to amend.

3. All remaining causes of action are dismissed for lack of subject matter jurisdiction without prejudice to realleging them in the amended complaint, if any.

---

[3] Instead, in her opposition Plaintiff argues Defendants concealed the lender's identity from her. (Opp'n at 18.) As discussed above, this is contradicted by Plaintiff's allegation that the loan documens identified the lender. (*See* Compl. at 3.) To the extent Plaintiff suggests the lender's identity was concealed after Chase acquired Washington Mutual's assets, this does not support a TILA claim, which applies to consumer credit transactions. 15 U.S.C. § 1635(a). Chase's acquisition of Washington Mutual's assets was not a consumer transaction.

4. If Plaintiff chooses to file an amended complaint, she must do so no later than **November 1, 2016**. Defendants shall file a response, if any, no later than within the time set forth in Federal Rule of Civil Prrocedure 15(a)(3).

**IT IS SO ORDERED.**

Dated: September 30, 2016

Hon. M. James Lorenz
United States District Judge