UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nora Masoud,<br><br>         Plaintiff,<br><br>v.<br><br>J.P. Morgan Chase Bank, N.A., et al.,<br><br>         Defendants. | Civil No.: 15-CV-2523-L-JMA<br><br>**ORDER (1) GRANTING IN PART DEFENDANTS' MOTION TO DISMISS FIRST AMEDED COMPLAINT; (2) REMANDING ACTON TO STATE COURT; AND (3) DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND FOR ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |

  Pending before the Court in this mortgage foreclosure action are Defendants' motion to dismiss the first amended complaint and Plaintiff's motion for a temporary restraining order ("TRO") to ejoin foreclosure. Both motions are fully briefed. For the reasons which follow, Defendants' motion to dismiss is granted. Plaintiff's federal causes of action are dismissed with prejudice. Her state law causes of action are remanded to the State Court. Plaintiff's motion for a TRO is denied without prejudice.

/ / / / /

**I.     Background**

On October 17, 2000, Plaintiff purchased a home at 4541 Cather Avenue in the University City neighborhood of San Diego (the "Property") for $330,000.  On July 11, 2005, she refinanced with a loan from Washington Mutual Bank ("WaMu").  Her promissory note in the amount of $372,000 was secured by a deed of trust.  (Defs' Ex. 1.)[1]  The deed of trust identified Plaintiff as the borrower, WaMu as the lender, and California Reconveyance Company as the trustee.

Subsequently, WaMu was seized by the Federal Deposit Insurance Corporation ("FDIC").  On September 25, 2008, FDIC sold WaMu with all of its assets to Chase under the terms of a purchase and assumption agreement.  (Defs' Ex. 2.)  On October 10, 2008, Plaintiff received a letter from Chase, notifying her of the purchase and assumption agreement and informing her that Chase was now servicing her account.  (*Id*. Ex.

On September 7, 2011, two instruments were recorded: (1) an assignment of the deed of trust that assigned all beneficial interest in Plaintiff's loan to Chase; and (2) a notice of default and election to sell indicating that Plaintiff's loan was $30,666.68 in arrears.  On October 22, 2014, a substitution of trustee was recorded that named ALAW as the new trustee under the deed of trust.  On July 15, 2015, a second substitution of

---

[1]     As a general rule, in ruling on a motion under Rule 12(b)(6), a court may not consider any material beyond the pleadings, or the motion must be treated as a motion for summary judgment and the parties provided an opportunity to present all pertinent material.  Fed. R. Civ. Proc. 12(d); *United States v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011).  The court may, however, consider materials that are submitted with and attached to the complaint as well as "unattached evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Corinthian Colleges*, 655 F.3d at 999 (internal quotation marks and citation omitted).  Furthermore, material properly subject to judicial notice may be considered without converting the motion into one for summary judgment.  *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).  Accordingly, the Court considers recorded documents relating to Plaintiff's Property as well as other documents referenced in the first amended complaint.

trustee was recorded that named Quality Loan Service as the new trustee under the deed of trust. On July 21, 2015, a notice of trustee's sale was recorded. It stated that the total amount of Plaintiff's unpaid obligation was $456,723.51.

On October 21, 2015, Plaintiff filed a complaint in State court alleging violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.* ("RESPA"), violation of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), and violation of the Home Ownership and Equity Protection Act, 15 U.S.C. §§ 1602 *et seq.* ("HOEPA"). She also alleged claims for accounting, declaratory relief, slander of title, quiet title, intentional misrepresentation, negligent misrepresentation, rescission, and violation of Unfair Business Practices Act, Cal. Bus. & Profs. Code §§ 17200 *et seq.* under California Law. On October 27, 2015, the State Court issued a TRO enjoining the foreclosure sale, and set a preliminary injunction hearing for November 15, 2015.

Before the hearding, Defendants removed the action to this Court. Defendants then moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). Their motion was granted to the extent that Plaintiff's federal claims for RESPA, TILA and HOEPA violations were dismissed with leave to amend, as they appeared on the face of the complaint to be barred by the statute of limitations. Her state law claims were dismissed without prejudice for lack of subject matter jurisdiction. After Plaintiff filed her first amended complaint, which alleges the same causes of action, Defendants again moved to dismiss.

After the motion to dismiss was fully briefed, on November 9, 2017, Defendants recorded a new Notice of Sale (Pl.'s TRO Ex. 1), scheduling the foreclosure of the Property for December 8, 2017. On December 6, 2017, Plaintiff filed the instant TRO motion,[2] which Defenants opposed.

/ / / / /

---

[2] By waiting for over three weeks after the Notice of Sale before filing her motion, Plaintiff created the emergency on which she now bases her request for emergency relief.

3

**II.     Discussion**

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041(9th Cir. 2010) (internal quotation marks and citation omitted). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory, yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006). However, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

**A.     RESPA Violations**

1.     <u>Section 2607</u>—Prohibition Against Kickbacks and Unearned Fees

In her sixth cause of action, Plaintiff alleges that "Defendants violated RESPA because the payments between Defendants were misleading and designed to create a windfall without Plaintiff's knowledge. These actions were deceptive, fraudulent, and self-serving. Defendnats failed to comply with Section 2605 by not disclosing in writing to Plaintiff the various transfers of interest ... [and] kickbacks that were paid to various parties at the inception of the Loan, relating to the securitization of Loan." (First Am. Compl. ("FAC") at 25-26.)

Any action alleging a § 2607 violation, must be brought within one year from the date of the occurrence of the violation. 12 U.S.C. § 2614. Accordingly, the facts giving rise to this claim occurred in 2005, when Plaintiff refinanced the Property. Because Plaitniff previously argued delayed discovery, she received leave to amend this claim to

allege she did not discover the facts underlying the alleged § 2607 violation until 2015. However, neither the first amended complaint nor the opposition to Defendants' motion to dismiss addresses this issue.

The sixth cause of action, to the extent it claims a § 2607 violation, is barred by the statute of limitations. Accordingly, Defendants' motion to dismiss is granted in this regard. *See Huynh*, 465 F.3d at 997. As Plaintiff had previously been granted leave to amend, and it does not appear that Plaitniff can provide any additional basis for the delayed discovery, further leave to amend is denied.

2. <u>Section 2605</u>—Qualified Written Requests

Plaintiff also alleges Defendants failed to comply with RESPA when they did not respond to her "qualified written request" ("QWR")[3] starting October 17, 2010 (FAC Ex. 13 ("QWR sent to you 10/17/10 was ignored") & at 11, 26.) RESPA sets a time frame for mortgage servicers to respond to QWRs from borrowers requesting information relating to a loan. 12 U.S.C. § 2605 (e)(1)(A). Any action alleging a § 2605 violation must be brought within three years of the occurrence of the violation. 12 U.S.C. § 2614.

The facts giving rise to this claim occurred in 2010, and therefore initially appeared on the face of the complaint to be time barred. Plaitniff was granted leave to amend these allegations.

In her amended complaint and opposition to Defendants' motion, Plaintiff contends that she did not learn of Defenants' deception regarding the sale of her loan until she requested an audit report (Opp'n at 23 & FAC Ex. 13), and that she did not learn of issues regarding the amount due on her loan until the July 21, 2015, Notice of Sale, which revealed that the amount owing to avoid foreclosure was $456,723.51. (Opp'n at 23 & Defs' Ex. 7). Plaintiff's December 31, 2010 QWR, attached to the amended complaint,

---

[3] The Court expresses no opinion whether any of Plaintiff's correspondence constitutes a valid QWR under § 2605.

contradicts this contention. The issues which Plaintiff raised in her subsequent QWRs were raised in Plaintiff's exhaustive QWR dated December 31, 2010, inlcuding accounting of her loan payments, identity of the holder in due course of her promissory note, and other information about the sale of her loan. (FAC Ex. 13.) The December 31, 2010 QWR demonstrates that Plaintiff knew in 2010 which information she was seeking, and the lack of adequate response put her on notice of the RESPA violation. Accordingly, the three-year statute of limitations expired well before October 2015, when Plaitniff filed her initial complaint in State Court.

The sixth cause of action for RESPA violations is barred by the statute of limitations. Defendants' motion to dismiss is therefore granted in this regard. *See Huynh*, 465 F.3d at 997. As Plaintiff had previously been granted leave to amend, and it does not appear that she could allege additional facts, a second leave to amend is denied.

### B. TILA and HOEPA Violations

In her fifth cause of action Plaintiff alleges that Defendants violated TILA and HOEPA when they failed to make "accurate material disclosures . . . (including loan fees not disclosed to the consumer and fees obtained at the inception of the loan with regard to the securitization of the loan) . . . to fully inform home buyers of the pros and cons of adjustable rate mortgages in a language . . . that they can understand . . . ; and advise them to compare similar loan products with other lenders." (FAC at 22-23.) These disclosures relate to the origination of Plaintiff's refinance loan in 2005. Plaintiff also alleges that she rescinded the loan on March 20, 2015. (*Id*. at 24.)

Claims under TILA have a three-year statute of limitations for rescission actions, and a one-year statute of limitations for damages actions. *See* 15 U.S.C. §§1635(f), 1640(e); *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986). Claims under HOEPA involving mortgages may be brought "before the end of the 3-year period beginning on the date of the occurrence of the violation." 15 U.S.C. § 1640(e).

Defendants maintain that the TILA and HOEPA claims are time barred. In her opposition to Defendants' initial motion to dismiss, Plaintiff argued for tolling based on

delayed discovery. She was granted leave to amend with additional facts in support of this contention.

Plaintiff contends she made a valid rescission under TILA when she sent Defendants a notice of rescission on March 20, 2015. (FAC at 23-24.) Rescission was untimely because, "[e]ven if a lender *never* makes the required disclosures, the 'right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first.'" *Jesinoski v. Countrywide Home Loans, Inc.*, __ U.S. __; 135 S.Ct. 790, 792 (2015) (quoting 15 U.S.C. § 1635(f)) (emphasis in original).

Plaintiff claims that the statute of limitations never accrued because the loan was not consummated, as she did not sign the loan documents.[4] (FAC at 23.) This new assertion is contradicted by the initial complaint. (*See* Compl. at 3-4, alleging Plaintiff signed the promissory note and the deed of trust.) Consistent with her initial allegation, the loan documents show Plaitniff's signature. (Defs' Ex. 1 (Note and Deed of Trust).) Plaintiff does not dispute that the loan was funded, and she alleges she made loan payments under the Note. (*See, e.g.,* FAC at 7 ("Plaintiff's payments were current" in 2009).)

For purposes of rescission under TILA, consummation "means the time that a consumer becomes contractually obligated on a credit transaction." *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989) (quoting Regulation Z, 12 C.F.R § 226.2(a)(13)). When a consumer becomes contractually obligated is determined by state contract law. *Id*. The only element under California law, which Plaintiff potentially quetions with respect to her refinance is the identity of the parties. Under California Civil Code § 1550,

---

[4] However, elsewhere in the amended complaint she alleged, "While Plaintif remembers signing some loan documents, she did not recognize the signatures on the Note and Deed of Trust she obtained in October 2011, as being actual documents signed for the origination of the subject loan." (FAC at 5.)

the parties to the contract must be identifiable. *See also id*. at 121. Plaintiff admitted in the initial complaint that the parties were identifiable. (Compl. at 3-4, alleging that she signed the loan documents and that WaMu was identified as the lender.)

Plaintiff's contention that the loan was not consummated is contradicted by recorded documents and her own allegations, and is therefore not plausible so as to withstand a motion to dismiss. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Based on the record before the Court, the loan was consummated in 2005. Plaintiff's notice of rescission was therefore untimely.

With respect to non-disclosure, Plaintiff contends that "[i]n 2014, [she] received a letter from Chase re adjustable rate mortgages that was supposedly part of the original loan documents, but Plaintiff had never seen this document before." (FAC at 23, citing Ex. 32.) The exhibit she offers in support of this allegation is an escrow instruction regarding the interest rate on her note. (FAC Ex. 32), which was ultimately superseded by the terms of the Note she signed. (*Cf.* Defs' Ex. 1 (Note and Adjustable Rate Rider).)

Plaintiff also alleges she did not discover until "late 2011 and 2014" that Defendants failed to make many other requisite disclosures, including disclosing the "true lender" and that her loan was securitized. In support, she cites, among other documents, the The LuminaQ Documentary Investigation headed "Title Commentary and Analysis," dated November 18, 2011, which analyzes the title to Plaitniff's Property and was prepared for Plaintiff. (FAC at 23-24 & Ex. 7.) The document highlights the information Plaintiff claims was not disclosed at the time of her refinance. It therefore put her on notice, at the latest in November 2011, that the information had previously not been disclosed. Accordingly, the statutes of limitations for the non-disclosure claim expired long before the filing of this action.

For the foregoing reasons, the running of the statutes of limitations for the TILA and HOEPA claims is apparent on the face of the complaint. Defendants' motion is granted with respect to the fifth cause of action. As Plaintiff had previously been granted

leave to amend, and it does not appear that she could allege additional facts, a second leave to amend is denied.

### C. State Law Claims

All federal claims in this action have been dismissed without leave to amend. The only basis for subject matter jurisdition alleged in this action is fedral question under 28 U.S.C. § 1331. (Doc. no. 1, Defs' notice of removal.) Plaintiff does not allege any grounds for federal subject matter jurisdiction. Accordingly, this action is remanded to State court pursuant to 28 U.S.C. § 1447(c).

For the foregoing reasons, **IT IS ORDERED** as follows:

1. Defendants' motion to dismiss is granted with respect to the fifth and sixth causes of action.

2. This action is remanded to the Superior Court of the State of California, County of San Diego, Central Division.

3. Plaintiff's motion for temporary restraining order and for order to show cause re: perliminary injunction is denied witout prejudice to asserting it in State Court.

**IT IS SO ORDERED.**

Dated: December 8, 2017

_____
Hon. M. James Lorenz
United States District Judge